IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAVON LAMONT ARRINGTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:23-cv-00210 |
| LARRY COLLINS, et al., | ) By: Elizabeth K. Dillon |
| Defendants. | ) United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Javon Lamont Arrington, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) The court issued an order directing Arrington to file an amended complaint because the original complaint named only one defendant, Red Onion State Prison, which is not a proper defendant in a § 1983 action. (Dkt. No. 9.) Arrington filed an amended complaint, alleging two claims and naming four individual defendants. (Dkt. No. 10.)

**I. SEVERANCE**

Based upon a review of the complaint, the court concludes that Arrington's claims and defendants are misjoined. *See* Fed. R. Civ. P. 18, 20. A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. *See Moore v. Squire*, Civil Action No. 7:23-cv-00439, 2023 WL 5095696, at *1 (W.D. Va. Aug. 9, 2023). Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim

against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by circuit courts in the context of initial reviews of prisoner complaints, with and without joinder. *See Daker v. Head*, 750 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and *sua sponte* dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

Here, for Arrington's first claim, the amended complaint alleges that Arrington notified defendants L. Collins, Sgt. Burke, and Officer Mahomes about his toilet being broken. In his second claim, Arrington alleges that hearing officer J. Adams deliberately violated his due process rights by finding him guilty on various disciplinary charges. These two claims, against different defendants, do not arise out of the same transaction or occurrence. Accordingly, the court will exercise its discretion to sever Arrington's two claims into separate lawsuits. Along with a copy of this memorandum opinion and order, Arrington's amended complaint (Dkt. No. 10) shall be filed as the opening document in the new lawsuit. The new lawsuit will be conditionally filed, and Arrington will be required to return a consent-to-fee form in the new case, based on the *in forma pauperis* application he has provided in this case. The amount of the required initial partial payment will be the same in the new case as it was for this case: $5.15. In the alternative, Arrington may elect not to proceed with the new case and may move to voluntarily dismiss that case. Additionally, if Arrington fails to return the consent-to-fee form in the new case, it will be dismissed without prejudice.

The fact that the court is allowing the filing of Arrington's claim in another lawsuit is not a finding that he has stated any meritorious claim for relief under 42 U.S.C. § 1983 or any other valid claim. Instead, the claims will be evaluated after Arrington returns his consent-to-fee form.

## II. ORDER

It is HEREBY ORDERED that this case is SEVERED into a total of two cases (this case and a new case). The Clerk is DIRECTED to open a new case and to conditionally file a copy of Arrington's amended complaint (Dkt. No. 10) in the new case, along with a copy of this memorandum opinion and order, involving Arrington's claim against defendant J. Adams that Adams violated Arrington's due process rights. In the new civil action, the Clerk is further DIRECTED to include in the first docket entry, in bold type, the paragraph numbers that will constitute that case. (Am. Compl. para. E, Claim #2).

The Clerk also shall docket Arrington's Statement of Assets and Prisoner Trust Account Report (Dkt. Nos. 2, 4) in the new case, and issue a conditional filing order requiring Arrington (if he intends to go forward with the claim in that case) to consent to collection of an initial payment of $5.15 and, over time as funds are available, the remainder of the $350 filing fee for that case. Lastly, the Clerk also shall send Arrington a copy of a docket sheet in each case to give him clear notice of the new case number and the content of each case.

If Arrington does not want to pursue the new case, he may file a motion voluntarily dismissing that lawsuit. Arrington should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721,

3

1727 (2020) (holding that a dismissal of a suit for failure to state a claim whether with or without prejudice, counts as a strike under the PLRA).

    The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Arrington.

    Entered: September 19, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge