IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAVON LAMONT ARRINGTON, | ) | |
|     Plaintiff, | ) | Civil Action Nos. 7:23-cv-00210 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| LARRY COLLINS, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Javon Lamont Arrington, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Pursuant to court order, Arrington filed an amended complaint alleging two claims and naming four individual defendants. (Dkt. No. 10.) The court issued an order severing this matter into two separate lawsuits. The above-captioned lawsuit involves Arrington's claim that he was subjected to unconstitutional conditions of confinement because his toilet was broken for three days.

This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Arrington has failed to state a claim for which relief can be granted, and his claims must be dismissed. Because it is possible that Arrington—with additional factual matter—may be able to state a claim that he was subjected to unconstitutional conditions of confinement, the court will give Arrington the opportunity to file an amended complaint within thirty days asserting only that claim, should he so choose.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or

fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Arrington's complaint, the court concludes that does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Arrington alleges that he notified defendants Collins, Burke, and Mahomes about his toilet being broken. He states that it was broken for three days, during which time he was forced to live with human feces in his toilet while eating and sleeping. Arrington asserts that this caused him to vomit and to "mentally feel torture by harsh conditions." (Am. Compl. 2.)

The Eighth Amendment's prohibition of cruel and unusual punishment "applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). The Fourth Circuit has made clear that "[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). In particular, "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions" or "demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* And to satisfy the subjective component, a prisoner must show that

2

a prison official actually "knew of and disregarded an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).

Arrington's allegation that he lived with a broken toilet for three days, while unpleasant, is not severe enough to state a conditions of confinement claim. "Limited periods of incarceration in unsanitary conditions are . . . insufficient to evidence an Eighth Amendment violation." *Whiting v. Owens*, Civil No. 5:14-CV-0104-CAR-MSH, 2014 WL 2769027, at *3 (M.D. Ga. June 18, 2014) (finding that a prison cell with "stagnant" feces does not violate the Eighth Amendment) (citing *Smith v. Copeland*, 87 F.3d 265, 268–69 (8th Cir. 1996) (living with overflowed toilet in cell for 4 days not unconstitutional); *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (living with a toilet that occasionally overflows "is unpleasant but not necessarily unconstitutional")). As one court explained, although "the sight and odor of human waste is distasteful, it does not rise to the level of cruel and unusual punishment." *Saunders v. Burton*, Civil Action No. 5:21-00322, 2022 WL 8299859, at *15 (S.D. W. Va. June 17, 2022) (finding no constitutional violation based on allegation plaintiff was confined in a flooded cell contaminated with human waste for several days) (collecting cases); *see also Harris v. FNU Connolly*, 5:14-cv-128-FDW, 2016 WL 676468, at *5 (W.D.N.C. Feb. 18, 2016), *aff'd*, 667 F. App'x 408 (4th Cir. 2016) (dismissing Eighth Amendment claim where inmate alleged he was held in a cell with "massive amount of urine, feces, and vomit on both the floor and walls" for 45 days as "courts have found no constitutional violation in other cases involving similar time periods when the prisoner was allegedly exposed to unsanitary conditions").

For the foregoing reasons, the court will summarily dismiss Arrington's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. In consideration of his status as a *pro se* litigant, however, and because he may be able

to state sufficient factual allegations to state a plausible claim that he was subjected to conditions of confinement that violate the Eighth Amendment, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, if he so chooses.

      An appropriate order will be entered.

      Entered: October 24, 2023.

      */s/ Elizabeth K. Dillon*
      Elizabeth K. Dillon
      United States District Judge